FILED
CLERK
1:38 pm, Aug 24, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
BERNARD CARL,

                                  Plaintiff,

v.

RICHARD EDWARDS, GRAEME SCHOLES,
LEFT HAND DRIVE LTD., PAUL SWEENEY,
PHS CONSULTANTS, ANDREW
HOWARTH, CHRISTOPHER WILLIAMS,
TREVOR SMITH, FOOS CHINA TRADING,
VIKASH LIMBANI, LANDMARK CAR CO.,
JEFFREY PATTINSON, THOMAS HAMANN,
and JOHN DOES 1-5,

                                  Defendants.

**MEMORANDUM OF
DECISION & ORDER**
2:16-cv-3863 (ADS)(AKT)

----------------------------------------------------------X

**APPEARANCES:**

**Silverberg, P.C.**
*Counsel for the Plaintiff*
320 Carleton Avenue, Suite 6400
Central Islip, NY 11722
      By:    Karl J. Silverberg, Esq., Of Counsel.

**Law Office of George W. Kramer**
*Counsel for the Defendant*
30 Clemens Court
Rocky Hill, CT 06067
      By:    George W. Kramer, Esq., Of Counsel.

**SPATT, District Judge**:

      Before the Court is defendant Thomas Hamann's ("the Defendant") Motion to Strike (ECF 123) the Plaintiff's motion for voluntary withdrawal (ECF 122) pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i). Rule 41 permits plaintiffs to dismiss an action without a court order by filing "a notice of dismissal before the opposing party *serves* . . . a motion for summary

1

judgment." (emphasis added). Put another way, "[a] plaintiff is without the power to voluntarily dismiss a claim after a motion for summary judgment is filed." *Vibert v. Cty. of Rensselaer*, No. 1:14-cv-22, 2017 WL 3948455, at *1 (N.D.N.Y. Sept. 7, 2017).

Here, the Defendant filed a motion for summary judgment on November 17, 2017. ECF 103. As a result, the Plaintiff cannot dismiss this action without an order from this Court or the agreement of the Defendant.

In order to get around this obstacle, the Plaintiff claims that the Defendant did not actually serve a summary judgment motion because the Court denied the motion without prejudice for failure to comply with the Court's individual rules. The Court disagrees. The fact that the Court denied the Defendant's motion for summary judgment does not change the reality that it was served upon the Plaintiff. *See Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d 549, 552 (S.D.N.Y. 2014) ("[P]laintiff argues that the defendants' motion should not be regarded as a motion for summary judgment for Rule 41 purposes because it did not comply with S.D.N.Y. Civ. R. 56.1. The fact that the motion might have been denied, however, did not make it any less of a motion for summary judgment).

Therefore, the Court GRANTS the Defendant's Motion to Strike. This case shall remain open.

It is **SO ORDERED**:

Dated: Central Islip, New York

August 24, 2018

                                                                                                                                                                         /s/ Arthur D. Spatt

                                                              ARTHUR D. SPATT

                                             United States District Judge