UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
BERNARD CARL,

                Plaintiff,

    vs.

RICHARD EDWARDS, JOHN HAWKINS, SPECIALIST CARS OF MALTON LIMITED, GRAEME SCHOLES, LEFT HAND DRIVE LTD., PAUL SWEENEY, PHS CONSULTANTS, ANDREW HOWARTH, CHRISTOPHER WILLIAMS, TREVOR SMITH, FOOS CHINA TRADING, VIKASH LIMBANI, LANDMARK CAR CO., JEFFREY PATTINSON, THOMAS HAMANN, and JOHN DOES 1-5,

                Defendants.
===================================

Civil Action NO.. 2:16-cv-03863-ADS-AKT

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## A. BACKGROUND

The plaintiff has filed a two count amended complaint against Thomas Hamann alleging tortious interference with, and trespass to chattels in the first count and , for violation of racketeer influenced and corrupt organizations (RICO) ACT, 18 U.SC. §1961 et seq. and 1962(d), based on a conspiracy to violate Rico, violation of ("Wire Fraud"). (18 USCS § 1343.) in the second count. The core allegations in these counts have been considered and rejected by the Superior Court in Connecticut, a state Court in New York,

and indeed by this Court. Despite the rejection of his claims, the plaintiff continues, without any evidence, to pursue his futile claims.

The relevant and repeatedly rejected allegations in the first count against Hamann are as follows:

50. **Plaintiff Carl's efforts to recover his Porsche Touring and Porsche Lightweight were materially impeded by the false and misleading Kramer email.**

51. **Plaintiff Carl's efforts to recover his Porsche Touring and Porsche Lightweight were materially delayed by the false and misleading Kramer email, affording Edwards time to take possession of those vehicles and to put them beyond Plaintiff Carl's reach.**

52. **The false and misleading Kramer email was a proximate cause of and a substantial factor in Plaintiff Carl's loss of his Porsche Touring and Porsche Lightweight.**

53. **But for the false and misleading Kramer email Plaintiff Carl would not have suffered loss of his Porsche Touring and Porsche Lightweight.**

54. **Plaintiff Carl has still not recovered his Porsche Touring and Porsche Lightweight, although he has located both.**

55. **Even if Plaintiff Carl were ultimately successful in recovering either or both of his Porsche Touring and Porsche Lightweight, the false and misleading Kramer email was a proximate cause of and a substantial factor in Plaintiff Carl's loss of the**

use and benefit of those cars for more than two years and in the expenses he has incurred in trying to secure their return.

56. But for the false and misleading email Plaintiff Carl would not have suffered loss of the use and benefit of those cars for more than three years nor borne the expenses he has incurred in trying to secure their return.

The relevant and also rejected allegations in the second count against Hamann are as follows:

50. Plaintiff Carl's efforts to recover his Porsche Touring and Porsche Lightweight were materially impeded by the false and misleading Kramer email.

51. Plaintiff Carl's efforts to recover his Porsche Touring and Porsche Lightweight were materially delayed by the false and misleading Kramer email, affording Edwards time to take possession of those vehicles and to put them beyond Plaintiff Carl's reach.

52. The false and misleading Kramer email was a proximate cause of and a substantial factor in Plaintiff Carl's loss of his Porsche Touring and Porsche Lightweight.

53. But for the false and misleading Kramer email Plaintiff Carl would not have suffered loss of his Porsche Touring and Porsche Lightweight.

54. Plaintiff Carl has still not recovered his Porsche Touring and Porsche Lightweight, although he has located both.

55. Even if Plaintiff Carl were ultimately successful in recovering either or both of his Porsche Touring and Porsche Lightweight, the false and misleading Kramer email was a proximate cause of and a substantial factor in Plaintiff Carl's loss of the use and benefit of those cars for more than two years and in the expenses he has incurred in trying to secure their return.

56. But for the false and misleading email Plaintiff Carl would not have suffered loss of the use and benefit of those cars for more than three years nor borne the expenses he has incurred in trying to secure their return….

65. Defendant, through the use of email, caused the fraudulent Kramer email to be sent to Edwards, who Hamann claims was acting as Carl's "agent."

66. Defendant, through the use of email, caused the fraudulent on September 1, 2015, email to Mr. Pohl's manager.

67. This constituted a pattern of conduct in violation of the use of a wire to communicate information in the furtherance of a scheme to defraud that interferes with interstate commerce ("Wire Fraud"). (18 USCS § 1343.)

68. This pattern of Wire Fraud represents predicate acts that violate the United States Racketeer Influenced and Corrupt Organizations Act ("RICO Statute"). (18 USCS § 1961 et seq.)

This Court may take judicial notice of the following decisions attached hereto as exhibits:

1. <u>Thomas Hamann and Maria Hamann v. Bernard Carl</u> Superior Court, docket #16-6027615-S. (2018) (Exhibit "A")

2. BERNARD CARL V. THOMAS HAMANN, GEORGE KRAMER, Supreme Court of the State of New York, INDEX NO. 157289/2018 (Exhibit "B")

3. This Court's Memorandum of Decision dated September 24, 2019. (Exhibit "C")

All three of the above decisions have rejected plaintiff's allegation that the Kramer e-mail was a proximate cause of his alleged damages.

**B. LEGAL ANALYSIS**

In deciding a motion to dismiss pursuant to <u>Rule 12(b)(6)</u>, the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. <u>McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)</u>. The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)</u>. " While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." <u>Id.</u> When presented with a motion to dismiss pursuant to <u>Rule 12(b)(6)</u>, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. <u>See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)</u>; <u>see also Kerik v. Tacopina, 64 F. Supp. 3d 542, 549-50 (S.D.N.Y. 2014)</u>.

The elements of trespass to chattels are (1) intent, (2) physical interference with (3) possession (4) resulting in harm." Chevron Corp. v. Donziger, 871 F. Supp. 2d 229, 258 (S.D.N.Y. 2012). First, Carl does not allege that Hamann physically interfered with possession of his property. Secondly, as discussed below, Carl's claims that Hamann proximately caused his alleged losses have been rejected by no fewer than three Courts.

Wire fraud in violation of 18 U.S.C. § 1343 requires that the wire fraud be in furtherance of a larger scheme to defraud. Calabrese v. CSC Holdings, Inc., 283 F. Supp. 2d 797, 808 (E.D.N.Y. 2003). Carl has failed to allege any facts, other than purely conclusory statements that Hamann was involved in a scheme to defraud. A RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "RICO enterprise" "is proved by evidence of an ongoing organization, formal or informal, and by evidence that various associations function as a continuing unit." U.S. v. Applins, 673 F.3d 59, 73 (2d Cir. 2011). Carl has also failed to properly allege a RICO enterprise. In addition, Carl has also failed to allege a "pattern of racketeering activity," which is defined as "at least two acts of racketeering activity . . . within ten years . . . after the commission of a prior act of racketeering activity." Lorber v. Winston, 962 F. Supp. 2d 419, 419 (E.D.N.Y. 2013). Carl's allegations in both counts are fatally defective because of the absence of proximate cause. Plaintiff has not alleged facts, he has alleged speculation.

Judge Tobin's decision in Connecticut (Exhibit "A") contains a comprehensive review of the issues Carl is attempting to re-litigate in these proceedings. After a fully contested trial, the Court issued a Memorandum of Decision in which it devoted over four to

discussing said email and its alleged impact on plaintiff. Exhibit "A," pp. 27-30. The Court ultimately concluded that "Moreover, there was no evidence that Carl relied upon any misrepresentations in the Kramer e-mail or that he suffered harm of any sort as a result of it." Exhibit "A" page 28. Similarly, the Supreme Court in New York also rejected Carl's contention that said e-mail was the proximate cause of any of his alleged damages. Exhibit "B" p. 4. The Court rejected Carl's claims as being purely speculative.

Finally, this Court, using the same proximate cause analysis, also rejected plaintiff's CUTPA claim based on said e-mail in its September 24, 2019 decision.

"Boiled down to its essence, the claim is that the Kramer email contained a misrepresentation that harmed the Plaintiff by ultimately enabling Edwards to steal the vehicles before the Plaintiff could recover them. Connecticut courts apply 'traditional common-law principles of remoteness and proximate causation to determine whether a party has standing to bring an action under CUTPA.' Conn. Pediatric Med. Ass'n v. Health Net of Conn., Inc., 28 A.3d 958, 962 (Conn. 2011). '[A]s a general rule, a plaintiff lacks standing unless the harm alleged is direct rather than derivative or indirect.' Connecticut State Med. Soc. v. Oxford Health Plans (CT), Inc., 863 A.2d 645, 652 (Conn. 2005). Here, the PAC asserts that, entirely unbeknownst to the Plaintiff, Kramer, a third party, sent an email to Edwards, a fourth party, who then took the email to Bury and SCM, fifth parties, who relied on the email to justify their refusal to turn over the Porsche motorcars to the Plaintiff. While SCM was in possession of the Porsche motorcars, Edwards stole the vehicles, thereby injuring the Plaintiff. These allegations fail to state a claim under the CUTPA. The only connection between the Defendant and the above-described chain of events is that Kramer drafted the email at the Defendant's behest. But the PAC contains no allegation that the Plaintiff received the email or was otherwise made aware of its contents —i.e., that he was directly harmed by the representations contained therein. To the contrary, the PAC explicitly claims that the Defendant never contacted the Plaintiff during the Negotiation Period. PAC ¶ 7, 86, 88, 98, 105. Further, the judgment in the Connecticut Action, which the Plaintiff incorporated to the PAC by reference, found:
Carl concedes that the negotiations between Thomas Hamann and Edwards regarding the sale of the two Porsches was '[u]nbeknowst to Carl.' There was no evidence that Carl was ever informed about Attorney Kramer's e-mail until long after negotiation for the purchase of the two Porsches had terminated. Moreover, there was no evidence that Carl relied upon any misrepresentations in the Kramer e-mail or that he suffered harm of any sort as a result of it. Exhibit "C" pp. 13-14.

Although a defendant "is liable for all normal and foreseeable consequences of its acts, an intervening act will constitute a superseding cause and will serve to relieve a

defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant." Clark v. New York City Hous. Auth., 277 A.D.2d 338, 339, 717 N.Y.S.2d 216, 217 (2000). (Emphasis added). Hamann could not have foreseen any use of said email by Edwards other than in the context in which it was sent, to buy the cars subject to inspection. Even though no reasonable person could foresee the use of an email in a sale/ purchase transaction to be used in a conspiracy to steal the vehicles, Edwards actions constitute an intervening criminal act making the foreseeability "issue" moot. "When a question of proximate cause involves an intervening act, 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence.'" Hain v. Jamison, 28 N.Y.3d 524, 529, 46 N.Y.S.3d 502, 68 N.E.3d 1233 (2016)   It is a well known general principle that "an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within the scope of risk created by the defendant's conduct or where the intervening act is reasonably foreseeable." Medcalf v. Washington Heights Condo. Ass'n, Inc., 57 Conn. App. 12, 17, 747 A.2d 532, 536 (2000) (emphasis added).

      The plaintiff bringing a civil RICO claim must demonstrate that the plaintiff suffered an injury proximately caused by the defendant's violation of § 1962. See 18 U.S.C. § 1964(c). "[W]here a RICO violation is predicated on acts sounding in fraud, a plaintiff must allege that the defendant's acts were not only the 'but-for' cause of plaintiff's injury, but the proximate cause as well, necessitating 'some direct relation between the injury asserted and the injurious conduct alleged'; '[a] link that is too remote, purely contingent, or indirect is insufficient.'" Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs, 888 F. Supp. 2d 491,

503-04 (S.D.N.Y. 2012) (quoting and citing Hemi Grp., LLC v. City of N.Y., 559 U.S. 1, 9, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010)), aff'd, 514 F. App'x 51 (2d Cir. 2013); see also Kerik, 64 F. Supp. 3d at 556.

In this case the plaintiff's complaint fails to satisfy these requirements. It does not contain sufficient factual allegations that Hamann's alleged act caused personal harm to the plaintiff. Accordingly, the plaintiff has failed to satisfy his burden to establish Hamann's alleged advertising of said Porsche was a proximate cause of his injuries. The complaint is devoid of any factual allegation of how or when, Hamann agreed to engage in the predicate acts or how he allegedly joined the conspiracy.

In addition, plaintiff's sole factual allegation against Hamann does not establish a direct causal link between Hamann and the other defendants' predicate acts.

**C. CONCLUSION**

The plaintiff's amended complaint contains insufficient factual allegations to support any valid claims against Hamann. The plaintiff's claims have been rejected by no fewer than three separate Courts. Based on the foregoing analysis, the motion to dismiss the Complaint brought by Hamann should be granted.

Dated: February 9, 2020

                                    GEORGE W. KRAMER
                                    Attorney for Defendant, Thomas Hamann

                                    BY:/s/ George W. Kramer
                                    George W. Kramer
                                    Federal Bar No. ct 07982
                                    30 Clemens Court
                                    Rocky Hill, CT 06067
                                    Telephone (860) 529-5105
                                    Facsimile: (860) 529-5104
                                    E-mail: gkramerlaw@gmail.com

**<u>CERTIFICATION</u>**

      I hereby certify that on the 9th day of February 2020, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                      /s/ George W. Kramer
                                      George W. Kramer