UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
BERNARD CARL,                                                : Civil Action NO.. 2:16-cv-03863-ADS-AKT
                                                             :
                                                             :
                           Plaintiff,                        :
                                                             :
    vs.                                                      :
                                                             :
RICHARD EDWARDS, JOHN HAWKINS,                               : **REPLY TO MEMORANDUM**
SPECIALIST CARS OF MALTON                                    : **IN OPPOSITION TO MOTION**
LIMITED, GRAEME SCHOLES, LEFT                                : **TO DISMISS**
HAND DRIVE LTD., PAUL SWEENEY,                               :
PHS CONSULTANTS, ANDREW                                      :
HOWARTH, CHRISTOPHER WILLIAMS,                               :
TREVOR SMITH, FOOS CHINA TRADING,                            :
VIKASH LIMBANI, LANDMARK CAR CO.,                            :
JEFFREY PATTINSON, THOMAS HAMANN,                            :
and JOHN DOES 1-5,                                           :
                                                             :
                           Defendants.                       :
===================================

The plaintiff failed to respond to the Court's January 14, 2020, Electronic Order, directing plaintiff to "explain why there is a genuine dispute of **material fact** regarding whether the Defendant engaged in a 'pattern' of racketeering activity." (Emphasis added) The plaintiff incorrectly states that the issue is whether Carl should be allowed to proceed with discovery. Carl's complaint and "supporting declarations" fail to make out a plausible claim against Hamann as the same factual claims have been repeatedly rejected not only in this Court, but in the Supreme Court of New York and the Superior Court of Connecticut, as discussed extensively in Hamann's motion to dismiss and the attachments thereto.

Thomas Hamann and Maria Hamann v. Bernard Carl, Superior Court Docket #16-6027615-S. (2018), BERNARD CARL V. THOMAS HAMANN, GEORGE KRAMER, Supreme Court of the State of New York, INDEX NO. 157289/2018, and This Court's Memorandum of Decision in the instant case Carl v. Edwards et al., dated September 24, 2019.  This Court can take judicial notice of these three cases in which the same factual allegations made by the plaintiff have been rejected both factually, and found to lack proximate cause to plaintiff's losses as a matter of law.

The legal standard which plaintiff has failed to meet was recently recited by this Court in Sosa v. N.Y. City Dep't of Educ., 2020 U.S. Dist. LEXIS 56310, 9, (2020)

'To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" …Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." …I Additionally, a court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."  (Citations omitted)

       The plaintiff continues to re-litigate the e-mails concerning a failed car sale transaction, which has been found to have no connection to Richard Edwards theft of plaintiff's cars.   Plaintiff  claims in his brief that we know that Hamann and Richard Edwards worked in concert. This statement, assuming it relates to plaintiff's stolen cars, has been rejected both factually in Thomas Hamann and Maria Hamann v. Bernard Carl Superior Court, Docket #16-6027615-S. (2018) after a full trial, and as a matter of law in BERNARD CARL V. THOMAS HAMANN, GEORGE KRAMER, Supreme Court of the State of New York, INDEX NO. 157289/2018, and by this Court  in its decision of September 24,

2019 in the context of an unfair business practice claim.  Even if plaintiff's malicious and wild speculation had any plausible merit, the e-mails have been repeatedly found by said Courts not to be causally related to plaintiff's losses at the hands of his business associate Edwards.  To delay the dismissal of his case, the plaintiff, after five years, multiple lawsuits in the United States and in England, is asking this Court to allow him to engage in fishing expedition which may lead to a "potential conspiracy."   Plaintiff concedes he has not one iota of evidence supporting a conspiracy.  Plaintiff's e-mail arguments have been repeatedly rejected and therefore the defendant Hamann respectfully requests that this case be dismissed with prejudice.

Dated: April 2, 2020.

                GEORGE W. KRAMER
                Attorney for Defendant, Thomas Hamann

                BY:/s/ George W. Kramer
                George W. Kramer
                Federal Bar No. ct 07982
                30 Clemens Court
                Rocky Hill, CT 06067
                Telephone (860) 529-5105
                Facsimile: (860) 529-5104
                E-mail: gkramerlaw@gmail.com

## **CERTIFICATION**

     I hereby certify that on the 2nd day of April 2020, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                      /s/ George W. Kramer  
                                      George W. Kramer