**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

BERNARD CARL,

                                        Plaintiff,

        v.


RICHARD EDWARDS and

THOMAS HAMANN et al.,

                                        Defendants.

Civil Action No. 16-CV-3863
(ADS)(AKT)


**BERNARD CARL'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION RULE 60(b) MOTION AND**
**LOCAL RULE 6.3 MOTION FOR RECONSIDERATION**


Karl Silverberg, Esq.
Silverberg P.C.
320 Carleton Ave., Suite 6400
Central Islip, New York 11722
 (631) 778-6077
*Attorneys for Plaintiff Bernard Carl*

**<u>Preliminary Statement</u>**

Bernard Carl respectfully submits this memorandum of law in support of plaintiff's Bernard Carl's motion under Federal Rules of Civil Procedure, Rule 60(b)(1), (2), & (6) and Local Rule 6.3 for reconsideration, which motion seeks relief from, the Court's Order dated April 29, 2020, and entered on May 4, 2020 (ECF Doc. # 163), which Order dismissed with prejudice plaintiff Carl's complaint under Rule 12(b)(6), and Plaintiff Carl seeks relief from the adjoining judgment (ECF Doc. # 164).

Plaintiff Carl has two bases for this motion:

1) Reconsideration of certain points in the Court's April 29, 2020, Order; and,

2) Additional arguments and new evidence submitted in support of relief under FRCP 60(b)(1)(2) and (6).

**<u>Standard</u>**

1. **Local Rule 6.3**

Eastern District of New York, Local Rule 6.3, states:

> [A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

2. **Fed. R. Civ. Proc., Rule 60 (b):**

Fed. R. Civ. Proc. 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .  [or]
> >
> > (6) any other reason that justifies relief.

The Second Circuit Court of Appeals has stated with respect to Rule 60(b)(2):

> "Rule 60(b) allows relief from a judgment or order when evidence has been newly discovered or for any other reason 'justifying relief from the operation of the judgment'". . .  As we have explained,
>
> > [T]he movant must demonstrate that
> >
> > > (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding,
> > >
> > > (2) the movant must have been justifiably ignorant of them despite due diligence,
> > >
> > > (3) the evidence must be admissible and of s uch importance that it probably would have changed the outcome, and
> > >
> > > (4) the evidence must not be merely cumulative or impeaching.

(*Mirlis v Greer*, 952 F3d 36, 50 [2d Cir 2020].)

## Argument

As noted earlier, Plaintiff Carl has two bases for his motion under Rule 60(b) and Local Rule 6.3:

1) reconsideration pursuant to Local 6.3, and

2) additional arguments and new evidence.


## Point I

## Reconsideration of Certain Points in the Court's April 29, 2020, Order

1. Conspiracy / Joint Tortfeasor Liability

The Court stated the following with respect to civil conspiracy claims:

> [T]he Defendant cannot be held liable in this suit for any alleged conspiracy with Edwards because the Plaintiff voluntarily dismissed his claims against Edwards, so that there is no primary liability to which to attach secondary liability to the Defendant.

Plaintiff Carl's response:

Plaintiff Carl is not pursuing a stand-alone claim for civil conspiracy.  The question is whether defendant Hamann meets the criteria for being a joint tortfeasor.  Namely whether Hamann's participation in Edwards' scheme was sufficient to impute Edwards' tortious conduct to Hamann.  Plaintiff Carl says Hamann's conduct makes him a joint tortfeasor.

It would be an unjust outcome if Hamann could not be held liable merely because Plaintiff Carl did not continue this action against Edwards.  Joint tortfeasors are not indispensable parties.  (*Picard v. Wall Street Discount Corp*., 526 F. Supp. 1248, 1252 (S.D.N.Y. December 1, 1981) ("Masiello is merely a joint tortfeasor, however, and therefore not an

indispensable party. . . . Complete relief can be granted among the parties in his absence without subjecting them to multiple or inconsistent obligations, and a disposition in this action will not impair any interest Masiello might have. See Fed.R.Civ.P. 19(a).").)

"Under New York law, conspiracy, per se, is not a tort. 'The damage for which recovery may be had in a civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts.' Accordingly, a bare conclusory allegation of conspiracy does not state a cause of action. <u>A conspiracy is alleged for the purpose of showing that a wrong was committed jointly by the conspirators and that, because of their common purpose and interest, the acts of one may be imputed to the others.</u> The allegation 'is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be held responsible in damages for any overt act or acts.'" (*Grove Press, Inc. v Angleton*, 649 F2d 121, 123 [2d Cir 1981] (emphasis added) (citations omitted).)

While Hamann may have received only a tangential benefit to himself by selling Plaintiff Carl's cars to Hamann's client Andreas Pohl (if the deal had gone through), it cannot be overlooked that Hamann was aiding and abetting Edwards' criminal enterprise. Plaintiff Carl has an allegation that Hamann conspired with Edwards. Plaintiff Carl's allegation of conspiracy is not meant to assert a stand-alone claim for civil "conspiracy." Rather, Plaintiff Carl alleges such, "for the purpose of showing that a wrong was committed jointly by the conspirators and that, because of their common purpose and interest, the acts of one may be imputed to the others." (*Id.*)

As such, Plaintiff Carl states a claim that defendant Hamann was a joint tortfeasor with Edwards.

2. <u>Trespass to Chattel / Conversion</u>

The Court stated the following with respect to trespass to chattel claims:

> Here, the Plaintiff only alleges that the Defendant sent two emails.
> According to the Plaintiff, the actual physical theft of the Porsche motorcars
> was undertaken by Edwards, not the Defendant. Moreover, the parties with
> physical control over the Porsche motorcars when they were stolen were
> Bury and SCM. While the Defendant's behavior may have indirectly
> delayed the Plaintiff's efforts to recover the vehicles, that fact alone fails as
> matter of law to establish trespass to chattel because the Defendant never
> physically interfered with his property.

Plaintiff Carl's response:

The question is not whether defendant Hamann had "physical control," or who committed the "physical theft." Rather, the question is whether defendant Hamann, as a joint tortfeasor with Edwards, put Plaintiff Carl's cars beyond Plaintiff Carl's "physical" reach. It was Plaintiff Carl, as the chattel's owner, who was deprived physical access to his property.

The false Kramer email was meant for Bury Van Hire – who was holding the Orange Porsche as collateral. Neither Hamann nor anyone else ever transmitted the false Kramer email to Plaintiff Carl, the actual owner. The Kramer email was meant to stall Bury Van Hire from liquidating Plaintiff Carl's Orange Porsche. The Kramer email was a "but-for" link in the chain of events that led to Edwards stealing Plaintiff Carl's Orange Porsche. The Kramer email gave Edwards time to complete his plans to steal the Orange Porsche. Hamann, therefore, is a joint tortfeasor in Edwards' act. For purposes of Rule 12(b)(6), Plaintiff Carl states a cause of action for trespass to chattel against defendant Hamann.

The Kramer email also provided SCM, which was holding the Orange Porsche as Plaintiff Carl's agent at the time, with a reason to deny Plaintiff Carl access his Orange Porsche

and White RS Lightweight automobiles based on a claim by SCM that both cars were in negotiation for sale.

Contrary to the Honorable Court's decision, the Kramer email caused more than just "delay[ing] the Plaintiff's efforts to recover the vehicles" – in September 2015. Plaintiff Carl still has not recovered legal title to the vehicles.

Because Plaintiff Carl has not yet regained title, Plaintiff Carl states a cause of action for both trespass to chattel and for conversion.

Discovery would reveal the full extent of Hamann's "intent" respecting the Kramer email. Discovery would determine the extent that, "a wrong was committed jointly by the conspirators [Hamann and Edwards] and that, because of their common purpose and interest, the acts of one may be imputed to the others." (*Grove Press, Inc. v Angleton*, 649 F2d 121, 123 [2d Cir 1981].)

[Intentionally Blank]

**Point II**

**New Evidence and the Request for Relief Under Fed. R. Civ. Proc. 60(b)**

The Court stated the following with respect to Plaintiff Carl's RICO claim:

> Essentially, the Plaintiff's claim is based on the fallout of a single failed transaction, in pursuit of which the Defendant sent two emails, all occurring on the same week. This is exactly the sort of isolated conduct beyond the reach of the civil RICO statute.

Plaintiff Carl's response:

1.  The Edwards criminal enterprise

The below information is new information that Plaintiff Carl did not present to the Court prior to this present filing and is included in a proposed amended complaint:

- The reason that Edwards and other participants in the criminal enterprise that victimized Plaintiff Carl are not defendants in the present lawsuit is not from a lack of desire to see justice obtained against Edwards, but rather because Edwards and other co-conspirators are United Kingdom residents and, beyond the jurisdiction of a United States court; Plaintiff Carl is actively pursuing redress against Edwards and these others in the UK and certain other European courts, but Defendant Hamann is not subject to the jurisdiction of those courts;
  (See Proposed Amended Complaint ¶¶ 19-25.)

- In addition to directing or sending false and misleading emails, Defendant Hamann also solicited a $150,000 advance from Maria Hamann (Defendant Hamann's ex-wife) for the purpose of assisting Edwards and his other co-conspirators in hiding from Plaintiff Carl the fact that Edwards had embezzled the more than half million dollar purchase money that Plaintiff Carl had previously paid for a rare Lamborghini Miura motorcar;
  (See Proposed Amended Complaint ¶¶ 40-59, 199 to 243, and 263 to 275.)

- Defendant Hamann also appears to have engaged in a plot to obstruct justice by intentionally destroying text messages which he knew were relevant to an on-going criminal investigation in the UK, to this case, to

on-going litigation against Edwards and Edwards's co-conspirators in the UK, and to a lawsuit that Defendant Hamann himself had filed in the courts of Connecticut;
(See Proposed Amended Complaint ¶¶ 285-300.)

- Edwards has a long history of defrauding other victims that shows Edwards' *modus operandi*, which reveals how Defendant Hamann assisted Edwards in a common scheme as a joint tortfeasor; and,
(See Proposed Amended Complaint ¶¶ 95-98.)

- Edwards has a long history of involvement in European organized crime. He has admitted as much in court appearances in the UK as well as in his appearances in British police organized crime investigation reports. In this case, in the summer of 2015, Edwards offered Plaintiff Carl a large sum of cash for one of Plaintiff Carl's motorcars, showed Plaintiff Carl a photo of a duffle bag filled with bundles of large denomination currency and warned that, "the buyers were not people to be messed with," a narrative consistent with Edwards operating in the world of organized crime.
(See Proposed Amended Complaint ¶¶ 99-109)

2. <u>The Hamann Advance</u>

Hamann's purpose in securing the advance from Maria Hamann (defendant Hamann's wife) was intended to hide Edwards' embezzlement and theft of the purchase money that Plaintiff Carl previously entrusted to Edwards for the purchased of a Lamborghini Miura.

18 USCS § 1343 states: "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

The $150,000 advance, was a "sign and signal" to Plaintiff Carl that Plaintiff Carl's Miura automobile was properly in Plaintiff Carl's possession and control, with the understanding it was stored Plaintiff Carl's account at SCM. However, respecting the Miura, the exact opposite

was true.  Edwards had stolen the Miura purchase money and there was no Miura for Plaintiff

Carl to sell, and Edwards used the $150,000 advance to further the cause of "executing

[Edwards'] scheme" of embezzling and stealing the Miura purchase money.

As such, the $150,000 advance constitutes another criminal predicate act by Hamann

under the RICO statute.

3.  <u>The Missing Text Messages</u>

Hamann's text messages disappeared under suspicious circumstances.  As taken from

Plaintiff Carl's proposed amended complaint (Proposed Amended Complaint ¶¶ 285-300):

- Defendant Hamann has acknowledged that he heard from Edwards almost daily in the fall of 2015, primarily in the form of texts and telephone calls.

- Defendant Hamann was clearly on notice, by mid-September 2015, that there was a potential legal dispute brewing between Plaintiff Carl, Defendant Hamann and Maria Hamann deriving from Defendant Hamann's communications with Edwards in the summer and fall of 2015 concerning the $150,000 Advance.

- Nonetheless, Defendant Hamann appears to have made no effort to preserve records of his communications with Edwards which he should have known would be relevant evidence in that dispute.

- By January 2016, Defendant Hamann was aware of Plaintiff Carl's lawsuit against Edwards concerning the Eight Stolen Cars, and Defendant Hamann was prosecuting his own suit to recover the $150,000 Advance.

- Defendant Hamann was clearly on notice, by mid-September 2015, that there was a potential legal dispute brewing between Plaintiff Carl, Defendant Hamann and Maria Hamann deriving from Defendant Hamann's

communications with Edwards in the summer and fall of 2015 concerning the $150,000 Advance.

- Nonetheless, Defendant Hamann appears to have made no effort to preserve records of his communications with Edwards which he should have known would be relevant evidence in that dispute.

- By January 2016, Defendant Hamann was aware of Plaintiff Carl's lawsuit against Edwards concerning the Eight Stolen Cars, and Defendant Hamann was prosecuting his own suit to recover the $150,000 Advance.

18 USCS § 1512(c) states: "Whoever corruptly—(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . ."

Based on above, Plaintiff Carl states a cause of action that the above conduct is a RICO predicate act of obstruction of justice.

4. <u>The unlawful sale of plaintiff Carl's motorcars</u>

When defendant Hamann was attempting to sell Plaintiff Carl's two Porsche motorcars (the orange and white Porsches) to Andreas Pohl, given that defendant Hamann never attempted any communication with Plaintiff Carl, the cars' true owner, and given everything Hamann must have known about Edwards, Hamann likely knew Edwards had effectively stolen the vehicles.

18 USCS § 2313(a) states: "Whoever . . . barters . . . any motor vehicle . . . which has crossed a State or United States boundary after being stolen, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both."

Based on the above, Plaintiff Carl states a cause of action that the above conduct is a RICO predicate act for bartering a stolen motor vehicle.

Plaintiff Carl asks the Court to accept Plaintiff Carl's proposed amended complaint, and the information therein, under Rule 60(b)(1)'s "mistake, inadvertence . . . or excusable neglect" standard and under Rule 60(b)(2)'s "newly discovered evidence" standard; or in the alternative if necessary, under Rule 60(b)(6)'s standard of "justifies relief."  As noted in Plaintiff Carl's declaration, Plaintiff Carl and counsel have been working on an amended complaint since March 2020.  The information in the proposed amended complaint shows the extent and nature of Edwards' criminal enterprise, its connections with Hamann, explains why Edwards and other joint tortfeasors are not parties, establishes that the $150,000 advance from Hamann's ex-wife was a cover for Edwards' embezzlement of the purchase money for Plaintiff Carl's Lamborghini Miura, and asserts that Hamann's "loss" of his phone was meant to obstruct the United Kingdom's criminal investigation into the missing cars.

5.  <u>The interests of Justice</u>

It would be a travesty of justice if the Court did not have the benefit of such information in evaluating the nature of Plaintiff Carl's RICO claim against Hamann.  While Hamann might operate a non-criminal business (giving Hamann the benefit of the doubt here), Hamann's predicate acts were not just in furtherance of Hamann's own business.  Hamann's predicate acts aided and abetted a very serious criminal enterprise run by Edwards.  The allegations in the Plaintiff Carl's proposed amended complaint expound for the Court's benefit the nature of the criminal enterprise that Hamann was aiding and abetting.  Namely, Edwards' very serious criminal enterprise targeting the high-end automobile market, with the numerous other victims over several years and reaching millions of dollars in stolen money, and with ties to organized crime.  (See Proposed Amended Complaint ¶¶ 95-109.)

6. <u>Discovery</u>

Discovery is needed in the form of first lifting the Court's discovery stay (ECF Doc. # 148, point #4 – Note: Only discovery related to personal jurisdiction had been conducted in the case). Plaintiff Carl needs to depose Hamann and Edwards, as well as other UK based witnesses (see ECF Doc. # 153 – letter describing need for non-party witness depositions). Discovery is needed to confirm the scheme between Hamann and Edwards to steal Plaintiff Carl's cars by way of the following predicate RICO acts:

- The False Kramer Email;

- The False Email to Hamann's Client Andreas Pohl;

- The use of the $150,000 advance to hide Edwards' embezzlement of the Lamborghini Miura purchase proceeds;

- The purposeful destruction of text messages to obstruct the UK investigation; and,

- Other acts in furtherance of scheme to steal Plaintiff Carl's cars in support of Edwards' enterprise that are not yet known.


**<u>Conclusion</u>**

For the reasons stated above, the Court should grant Carl's Rule 60(b) motion Local Rule 6.3 motion for reconsideration, and to vacate the dismissal of the action and restore the action.


[Intentionally Blank]

Dated: May 18, 2020
      Central Islip, New York

Silverberg P.C.
*Attorneys for Plaintiff Bernard Carl*

By: _____/s/_____
     Karl Silverberg, Esq.

320 Carleton Ave., Suite 6400
Central Islip, New York 11722
(631) 778-6077