**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
==================================

BERNARD CARL,                                   : Civil Action NO.. 2:16-cv-03863-ADS-AKT
                                                :
                                                :
                                  Plaintiff,    :
                                                :
                      vs.                       :
                                                :
                                                :
RICHARD EDWARDS, JOHN HAWKINS,                  :
SPECIALIST CARS OF MALTON                       :
LIMITED, GRAEME SCHOLES, LEFT                   :
HAND DRIVE LTD., PAUL SWEENEY,                  :
PHS CONSULTANTS, ANDREW                         :
HOWARTH, CHRISTOPHER WILLIAMS,                  :
TREVOR SMITH, FOOS CHINA TRADING,               :
VIKASH LIMBANI, LANDMARK CAR CO.,               :
JEFFREY PATTINSON, THOMAS HAMANN,               :
and JOHN DOES 1-5.                              :
                                                :
                                  Defendants.   :
==================================

**<u>MEMORANDUM OF LAW SUBMITTED IN RESPONSE</u>**
**<u>TO PLAINTIFF'S MOTION TO RECONSIDER</u>**

The defendant Hamann objects to plaintiff Carl's motion for reconsideration because the Court's April 29, 2020, Memorandum was a well reasoned and thorough and, nothing in Carl's motion or declaration impacts the Court's analysis. First, Carl's declaration does not present any new evidence, although Carl never had any evidence that Hamann stole or conspired with Edwards to steal his vehicles.  Carl has been on a fishing expedition from the time he commenced this action five years ago to the present.   As stated in Hamann's memorandum in support of his motion to dismiss, at least three courts, including this Court have rejected Carl's claims as a matter of law.  Hamann also attached copies of said

1

decisions in the appendix to said memorandum.  Carl confuses the requirement of new evidence with the hope of obtaining evidence and erroneously believes that allegations in a new proposed 2nd Amended Complaint actually constitute new evidence.  Carl's declaration  makes one excuse after another why he has no evidence against Hamann five years after initiating this lawsuit.  In his declaration, Carl implicitly blames his attorney for his circumstances "which may not have been adequately explained to the Court," then blames the slowness of European courts, "My path through the British and European courts has been slow and arduous," then blaming himself, "I had intended to file a Second Amended Complaint in this case much sooner…in retrospect, I understand that the Court should have been advised earlier."  Although this case has been going on for five years, Carl also blames the recent Coronavirus pandemic for his failure to produce any evidence. In fact, Carl acknowledges he has no evidence, and all he has had and still has is pure speculation, "I had hoped his disclosures would include copies of the text messages Richard Edwards exchanged with Mr. Hamann over the nine months between July 2015 and February 2016…,"  and again restates his unfounded beliefs, "These communications are highly relevant and clearly material to the issues in this and the UK case…}, without actually stating a single relevant fact."  See Carl's Declaration and Appendix.

Contrary to his claim of inadvertence and mistake, Carl attempts to perpetrate a fraud on this Court when he boldly alleges that Hamann destroyed evidence and states in his declaration that "Discovery should be allowed as to communications between Richard Edwards and Thomas Hamann between June 30, 2015 and February 29, 2016, **which Mr. Hamann had admitted purposely erasing .**…"

2

First, Hamann has never admitted to purposely erasing any texts, and secondly, this very

same claim was raised by Carl and rejected by the Connecticut Court in <u>Hamann v. Carl</u>,

No. FSTCV166027615S, 2018 Conn. Super. LEXIS 810, at 27* (Super. Ct. Apr. 25, 2018).

The Court specifically found that "{C}arl suggests that the court should discredit all or most
of Hamann's testimony for several reasons. …Third, Hamann testified that text messages
between Hamann and Edwards were lost when he changed his cell phone. Carl took the
position that the loss of the text messages was obviously an intentional destruction of
evidence and that the court should draw the inference that the lost evidence would have
been unfavorable to the Hamanns. The court found Hamann to be a credible witness. …
With respect to the missing text messages, the court declines to draw the adverse
inferences as invited by Carl's counsel. The loss of the messages when updating a phone
appears to be a reasonable explanation for their loss. The cross examination of Thomas
and Maria failed to show that the absence of the messages was part of a pattern of
discovery abuse or spoliation of evidence." Id.

This Court's Memorandum of Decision and Order of April 29th clearly explained why

Carl's claims failed as a matter of law, and any attempted amendment would be futile.  This

Court explained that  "although a court must accept as true all of the allegations contained
in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory statements, do not suffice.
Second, only a complaint that states a plausible claim for relief survives a motion to dismiss
and [d]etermining whether a complaint states a plausible claim for relief will ... be a context-
specific task that requires the reviewing court to draw on its judicial experience and common
sense." (Memorandum of Decision & Order, Page 9, April 29, 2020)

This Court found that Carl's RICO claim failed as a matter of law because he could

not establish that the predicate acts alleged by Carl constituted a pattern, and there was no

conceivable basis under which the acts cited by Carl could be found sufficiently continuous

to be considered a  pattern. Because his RICO claim failed as a matter of law, Carl, again

without any evidence and having been rejected now four times by three different Courts

Carl wants to allege the same facts to a different legal theory, joint tortfeasor liability.  This

Court's thorough analysis rejected the various permutations and theories argued by Carl in

his responses to Hamann's Motion to Dismiss.  Boiled down to its essence, every action of

Hamann related to the attempted purchase and sale of two cars, and there has never been, and will never be, any connection between Hamann and Edwards theft of Carl's cars.

This Court also determined that any potential amendments to the Amended Complaint would be futile and that any discovery would be nothing more than a continuation of a fishing expedition. Carl's motion for reconsideration contains nothing more than regurgitations of his prior bare assertions and a plea to the Court to continue this meritless litigation in the hope that Carl will find evidence that could support a viable cause of action.

Finally, Carl has failed to acknowledge to this Court that he is pursuing Hamann in New York State court based on the same factual allegations as contained in his amended complaint in this case. Said complaint was filed on August 4, 2018. See Carl v. Hamann Supreme Court of the State of New York, County of New York, Index Number: 157289/2018 pending before the Hon. Arlene P. Bluth. Due to Carl's relentless litigation tactics, and Hamann's current economic circumstances, Hamann has had to defend said action pro se. Carl's vexatious litigation is just another reason his motion under Fed. R. Civ. Proc., Rule 60 (b) should fail. There is no evidence of any mistake, inadvertence, surprise, or excusable neglect. Carl has been litigating and engaging in discovery against Hamann for years, and continues to do so in this case and in State Court in New York as well.

## CONCLUSION

Carl has provided no evidence, new or otherwise for the Court to reconsider its well reasoned and thorough decision as he cannot state a viable cause of action against Hamann and Carl has failed to demonstrate any  mistake, inadvertence, surprise, or excusable neglect which would justify his obsession to continue a five year fishing expedition.


Dated: June 2, 2020

GEORGE W. KRAMER
Attorney for Thomas Hamann

BY:/s/ George W. Kramer
George W. Kramer
Federal Bar No. ct 07982
30 Clemens Court
Rocky Hill, CT 06067
Telephone (860) 529-5105
Facsimile: (860) 529-5104
E-mail: gkramerlaw@gmail.com

**<u>CERTIFICATION</u>**

I hereby certify that on the 2nd day of June, 2020 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.


/s/ George W. Kramer
George W. Kramer