UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARD CARL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD EDWARDS and<br>THOMAS HAMANN et al.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 16-CV-3863<br>(ADS)(AKT) |

**BERNARD CARL'S MEMORANDUM OF LAW
IN REPLY TO DEFENDANT HAMANN'S OPPOSITION
TO CARL'S MOTION UNDER RULE 60(b) MOTION AND
LOCAL RULE 6.3 MOTION FOR RECONSIDERATION**

Karl Silverberg, Esq.
Silverberg P.C.
320 Carleton Ave., Suite 6400
Central Islip, New York 11722
 (631) 778-6077
*Attorneys for Plaintiff Bernard Carl*

## Memorandum in Reply

Bernard Carl respectfully submits this memorandum of law in reply to defendant Thomas Hamann's ("Hamann's") opposition to plaintiff Bernard Carl's motion under Federal Rules of Civil Procedure, Rule 60(b)(1), (2), & (6) and Local Rule 6.3 for reconsideration.

## ARGUMENT

### Point I

### Reply to Specific Hamann Points

Hamann's basic response to Bernard Carl's legal and factual arguments is, "Carl's declaration does not present any new evidence," and that the Court's original decision should stand as-is.

Bernard Carl's declaration and Bernard Carl's proposed amended complaint are replete with new information and facts that, that under a Rule 16(b)(6) standard, add context and background to Hamann's conduct that shows that Bernard Carl, "state[s] a claim to relief that is plausible on its face."

Bernard Carl implores the Court to take account of the unique factual circumstances in this case. As shown in Bernard Carl's declaration and proposed amended complaint, this not a typical case and many of the players are located across the Atlantic. The ringleader, Richard Edward, is a criminal located in the United Kingdom. Evidence of Hamann's participation as a joint tortfeasor with Edwards, or non-participation (to be genuinely fair), requires discovery from Edwards and others located overseas. Much of the evidence is not readily available in the State of Connecticut and Eastern District of New York venues.

As shown in Bernard Carl's June 7, 2020, declaration, as recently as May 28, 2020, after he filed his motion for reconsideration and less than two weeks prior to filing this document, Bernard Carl received new financial records concerning the relationship between Hamann ad Edwards that Hamann appears to have wrongly withheld in the Connecticut case. This just another example of the unique circumstances of this case.

Hamann wrongfully suggests that, Bernard Carl was, "rejected now four times by three different courts." The issues in this case were not raised in the Connecticut case. Bernard Carl has never been given an opportunity to conduct discovery on the issues at hand in this case.

In Hamann's opposition, Hamann raises an issue of a New York State Supreme Court, New York County, lawsuit between the parties. That lawsuit has a 2018 index number, while the present lawsuit has a 2016 docket number. That lawsuit, therefore, has no relevance to the present lawsuit.

**Point II**

**<u>Spoliation of Text Messages</u>**

There is a pre-litigation duty to preserve documents that may be relevant to future litigation.

In January 2020 this very Court, the Eastern District of New York, stated: "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." (*Funk v Belneftekhim*, 2020 US Dist LEXIS 8890, at *15 [EDNY Jan. 17, 2020].)

Hamann testified at deposition in the Connecticut case that he purposefully deleted text messages between himself and Richard Edwards. Hamann testified that in July 2017, long after

this very case was initiated, that any remaining messages were "erased" when Hamann changed cell phones.

Hamann knew as early as September 2015 that Bernard Carl did not reimburse Maria Hamann for the $150,000 that Maria Hamann claimed was a 1-week loan to Bernard Carl. Hamann, therefore, knew that there was an actual dispute with Bernard Carl in September 2015. Hamann testified that in November 2015 he knew Edwards had stolen Bernard Carl's cars. On February 1, 2016, Maria Hamann and Thomas Hamann brought legal action in Connecticut against Bernard Carl. On July 7, 2016, Bernard Carl started the present lawsuit against Thomas Hamann. On October 17, 2016, Bernard Carl served on Hamann a demand for production of documents including all written communication with Edwards (ECF Doc. # 58).

Yet Hamann purposefully "erased" his text message communication with Edwards.

These text messages could have contained critical information on Hamann's participation with Edwards so as to establish joint tortfeasor liability.

Further respecting the text messages, the Connecticut Court declined to draw an adverse inference against Hamann for the erased the text messages. This would have gone to Bernard Carl's defense of unclean hands as against Hamann. Hamann, however, withdrew from the Connecticut case before the court could render judgment in that case. The Connecticut Court's statements, therefore, respecting the text messages were not necessary to the outcome in the Connecticut case. The Connecticut Court's ruling should not, therefore, have collateral estoppel effect.

[Intentionally Blank]

## Point III

## Reconsideration of Certain Points in the Court's April 29, 2020, Order

Respecting the Court's discussion of civil conspiracy: Plaintiff Carl is not pursuing a stand-alone claim for civil conspiracy. The question is whether defendant Hamann meets the criteria for being a joint tortfeasor. Namely whether Hamann's participation in Edwards' scheme was sufficient to impute Edwards' tortious conduct to Hamann. As discussed in Bernard Carl's declarations and in the proposed amended complaint, Bernard Carl makes a plausible case that Hamann's conduct makes him a joint tortfeasor.

It would be an unjust outcome if Hamann could not be held liable merely because Plaintiff Carl did not continue this action against Edwards.

It cannot be overlooked that Hamann was aiding and abetting Edwards' criminal enterprise.

As such, Plaintiff Carl states a claim that defendant Hamann was a joint tortfeasor with Edwards.

With respect to trespass to chattel: The question is not whether defendant Hamann had "physical control," or who committed the "physical theft." Rather, the question is whether defendant Hamann, as a joint tortfeasor with Edwards, put Plaintiff Carl's cars beyond Plaintiff Carl's "physical" reach. It was Plaintiff Carl, as the chattel's owner, who was deprived physical access to his property.

Edwards accomplished this trespass through the false Kramer email. Hamann and Edwards meant the false email for Bury Van Hire's consideration – who was holding the Orange Porsche as collateral. Neither Hamann nor anyone else ever transmitted the false Kramer email to Plaintiff Carl, the actual owner. The Kramer email was meant to stall Bury Van Hire from

liquidating Plaintiff Carl's Orange Porsche. The Kramer email was a "but-for" link in the chain of events that led to Edwards stealing Plaintiff Carl's Orange Porsche.

Hamann, therefore, is a joint tortfeasor in Edwards' act. For purposes of Rule 12(b)(6), Plaintiff Carl states a cause of action for trespass to chattel.

Discovery would reveal the full extent of Hamann's "intent" respecting the Kramer email.

## Point IV

### New Evidence Under Fed. R. Civ. Proc. 60(b)

New information that further supports Bernard Carl's RICO statute claim that justifies discovery:

- Plaintiff Carl is actively pursuing redress against Edwards and conspirators in the UK and certain other European courts

- Defendant Hamann solicited a $150,000 advance from Maria Hamann (Defendant Hamann's ex-wife) for the purposes of assisting Edwards and his other co-conspirators in hiding from Plaintiff Carl the fact that Edwards had embezzled the more than half million dollars purchase money that Plaintiff Carl had previously paid for a rare Lamborghini Miura motorcar;

- Defendant Hamann has yet to explain how he "lost" the text messages

- Edwards has a long history of defrauding other victims that shows Edwards' *modus operandi*, which reveals how Defendant Hamann assisted Edwards in a common scheme as a joint tortfeasor; and,

- Edwards has a long history of involvement in European organized crime.

## Conclusion

For the reasons stated above, the Court should grant Carl's Rule 60(b) motion Local Rule 6.3 motion for reconsideration, and to vacate the dismissal of the action and restore the action.

Dated: June 9, 2020
       Central Islip, New York

Silverberg P.C.
*Attorneys for Plaintiff Bernard Carl*

By: _____/s/_____
  Karl Silverberg, Esq.

320 Carleton Ave., Suite 6400
Central Islip, New York 11722
(631) 778-6077